**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4089**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DARIUS LAMARK RICHARDSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:20-cr-00106-D-1)

Submitted:  October 14, 2021                          Decided:  October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Lamark Richardson appeals his conviction and 78-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court adequately explained Richardson's sentence. Richardson did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Richardson's plea agreement. For the following reasons, we affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Richardson has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Richardson does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that Richardson's guilty plea was knowing and voluntary, and the waiver is valid and enforceable. Richardson's challenge to the district court's explanation of his sentence falls squarely within the waiver's scope, and we have thoroughly reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Richardson's appeal of his sentence and affirm the remainder of the district court's judgment.

This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*